## ADAMS *et al. v.* FLOYD, sheriff, *et al.*

HILL, J. 1. Where a plantation is located on the line between two counties, a portion of which is in one county and a portion in the other, and the plantation is cultivated as a whole under the control of the owners, it shall be returned for taxation and the taxes paid in the county "where the improvements or most of the improvements are;" except that where, in such case, the county line is not definitely ascertained and distinctly marked, the plantation may be returned in either county in which a part of it may lie, at the election of the owner. Civil Code (1910), § 1065.

2. Applying the above-stated law to the agreed statement of facts in this case, it was error to dissolve the temporary restraining order and to refuse the injunction prayed for.

*Judgment reversed.*    *All the Justices concur.*

OCTOBER 14, 1914.

Petition for injunction. Before Judge Graham. Bleckley superior court. April 29, 1914.

C. B. and A. L. Adams brought their petition against W. D. Porter as the tax-collector, and J. A. Floyd as the sheriff, of Bleckley county, to enjoin them from further proceeding to collect an amount claimed by them to be due as State and county taxes for the year 1913 upon the plaintiffs' lands lying in Bleckley county, and from enforcing the collection by levy and sale. The case was submitted to the trial judge on an agreement as to facts, in substance as follows: The plaintiffs are owners of a plantation lying on the line of Bleckley and Pulaski counties, and in those counties, consisting of about 2,300 acres of land, of which about 850 acres lie within Bleckley county, being fractional lots 350, 354, 357, 355, and 356 in the 24th district; the remainder lies within Pulaski county. The plantation lies in one body, is well improved, and has a large number of farm buildings, and about 1,000 acres of it are under cultivation. All the improvements except one house are upon the lands that lie wholly within Pulaski county. The lands which lie in Bleckley county are not improved, and have no buildings except the one house just referred to. The plantation throughout the years 1912 and 1913 was managed as one farm, superintended by one overseer in the employment of the plaintiffs, and cultivated by laborers whose work was paid for, managed, and controlled exclusively by the plaintiffs. The 2,300 acres comprised one plantation and one farm from the time the plaintiffs acquired the same, about ten years ago, continuously until the present time. They returned the plantation in the year 1913 for taxes in the county of Pulaski, and have done so ever since they have owned the same, and have paid all taxes required of them by the county of Pulaski and the State of Georgia to the tax-collector of Pulaski county for the year 1913. The line between Pulaski and Bleckley counties divides the plantation, as appears in the act creating the county of Bleckley (Acts 1912, p. 38), said line being clearly defined. The lots of land lying wholly in Bleckley county appear on the tax digest of that county for the year of 1913, but without the knowledge, consent, or ratifi-

cation of the plaintiffs. They have refused to pay to the tax-collector of Bleckley county any taxes, State or county, for the year 1913, upon the land lying in Bleckley county; etc. They do not reside upon said plantation, but reside in the county of Bibb.

The judge dissolved the restraining order, and directed the sheriff of Bleckley county to proceed to enforce the tax fi. fa. against the lands of the plaintiffs lying in Bleckley county. To this judgment the plaintiffs excepted.

*H. F. Lawson,* for plaintiffs. *Saffold & Adams,* for defendants.